IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. 07-cv-02312-JLK-CBS

CYNTHIA KAY WEEKS,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

---

**STIPULATION AND PROTECTIVE ORDER**

**Kane, J.**

    Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in

the manner provided in paragraph 3 below as containing information, which has not been made public and which concerns or relates to, but is not limited to, the processes, operations, policies, procedures, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, CCTV, identification of customers, other accidents, training records, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm in some way to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or by separate cover corresponding to any document(s) produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective

Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.

- 3 -
STIPULATED PROTECTIVE ORDER

Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). If a party intends to file documents or briefs that contain or cite Confidential Information, the filing party will provide at least 60 days advance notice to the other parties such that a motion to require said documents be filed under seal can be prepared and heard in advance of any dissemination of Confidential Information to the public record.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. So long as any individual or organization other than Home Depot retains any Confidential Information from this case, this Protective Order and its terms shall remain in effect.

Upon termination of this litigation, including any appeals, counsel for each Party other than Home Depot who is in possession of Confidential Information shall provide to Home Depot's counsel, within 10 days, a list of identifying individuals and contact information for those who have received Confidential Information, which list Plaintiff's counsel shall have maintained pursuant to paragraph 6 herein. The Confidential Information shall not lose its status as Confidential Information, and upon the termination of this litigation, including any appeals, said Confidential Information will not be disseminated to any individuals or organizations in any way, shape, or form, who were not included on the above-referenced list, nor for any purpose that is not related to the case noted in this caption.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 27th day of August, 2008.

BY THE COURT:

*S/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED BY:**

| Caplis & Deasy, LLC | Jenkins, Goodman, Neuman & Hamilton LLP |
|---|---|
| *Daniel N. Deasy, Esq.* | *Zachary S. Tolson, Esq.* |
| Daniel J. Caplis, Esq. | Joshua S. Goodman, Esq. |
| Daniel N. Deasy, Esq. | Zachary S. Tolson, Esq. |
| 4600 South Syracuse St., Suite 500 | 417 Montgomery Street, 10th Floor |
| Denver, CO 80237 | San Francisco, CA 94104 |
| Phone: 303-770-5551 | Phone: 415-705-0400 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| CYNTHIA WEEKS | HOME DEPOT U.S.A., INC. |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. 07-CV-02312-JLK-CBS

CYNTHIA KAY WEEKS,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

**EXHIBIT A**
**AFFIDAVIT**

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in the above-captioned case, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name)

Address:


Telephone No.: (_____)

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2008, by _____.

WITNESS my hand and official seal.

[S E A L]

Notary Public

My Commission Expires: